IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **HOWARD I. AFAM, et al.,** | * | |
| **Plaintiffs** | * | |
| v. | * | Case No. CBD 05-2184 |
| **ALLSTATE INSURANCE COMPANY**, | * | |
| **Defendant** | * | |

*****

**MEMORANDUM OPINION**
**DENYING  PLAINTIFFS' MOTION FOR NEW TRIAL**
**ON THE ISSUE OF DAMAGES ONLY**

Plaintiffs Howard I. Afam and Khadija H. Afam ("Plaintiffs") filed this breach of contract action against Defendant Allstate Insurance Company ("Defendant") for failure to honor insurance claims submitted by Plaintiffs.  A jury verdict was delivered and judgment was entered in favor of Defendant on August 25, 2006.  Now before this Court is Plaintiffs' Motion for a New Trial on the Issue of Damages Only ("Plaintiffs' Motion") (Docket Item No. 46).  The Court has reviewed Plaintiffs' Motion and the memoranda and opposition related thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons below, the Court hereby DENIES Plaintiffs' Motion.

**I.  BACKGROUND**

**A.  Plaintiffs' Claim**

Plaintiffs were the owners and beneficiaries of a contract of insurance with Defendant whereby they were insured for personal property, among other things.  Plaintiffs alleged that, in May of 2003, they were burglarized by an unknown person while they were out of town and that,

upon their return, they discovered that more than $100,000.00 of property had been stolen. Plaintiffs submitted a claim to Defendant, which was thereafter denied. Arguing that Plaintiffs had complied with the conditions of their contract with Defendant, Plaintiffs filed this claim against Defendant for breach of the insurance contract.

**B. The Jury's Findings**

Three issues were presented to the jury: whether or not Plaintiffs had engaged in misrepresentation, whether Plaintiffs had adequately substantiated any portion of their claim, and the amount of damages to be awarded.[1]

The first question read as follows:

> 1. Do you find by clear and convincing evidence that Plaintiffs, in presenting their insurance claims, knowingly made a material misrepresentation to Defendant?

The jury answered "no" to this first question. The parties stipulated that the policy required that if Plaintiffs had materially misrepresented any material fact in the presentation of their claim, the entire claim would be barred. Because the jury answered "no," it was required to answer the second question.

The second question read as follows:

> 2. Do you find by a preponderance of the evidence that Plaintiffs adequately substantiated any portion of their claim under the policy?

---

[1]Plaintiffs' Motion indicates that it is a motion for a new trial on the issue of *damages* only. However, the jury never addressed the issue of damages because they found that Plaintiffs had not satisfied their burden of demonstrating liability on behalf of Defendants. Indeed, Plaintiffs' Motion addresses the second issue presented to the jury, which is one of liability. Accordingly, this Court will treat Plaintiffs' Motion as a motion for a new trial on the issue of whether Plaintiffs had adequately substantiated any portion of their claim, and not a motion for a new trial on the issue of damages.

The jury also responded "no" to this question.  Plaintiffs bore the burden of showing that they had substantiated their own claim in order to prove that Defendant's failure to honor their claim was a breach of the parties' insurance agreement.  The jury found that Plaintiffs had not adequately substantiated any portion of their claim under the policy.  Because the jury answered this question negatively, they were not permitted to respond to the third question regarding an award of damages in favor of Plaintiffs.

### C.  Plaintiffs' Present Motion

Plaintiffs argue that, by finding that Plaintiffs had not knowingly made a misrepresentation at the first step of the jury's inquiry, the jury was obligated to examine their claims for losses.  They contend that the jury's finding that Plaintiffs had not substantiated any portion of their claim "flies in the face of reason" and that the jury demonstrated "confusion and misunderstanding of the issues and evidence" because its finding of no misrepresentation on behalf of Plaintiffs contradicts the finding that Plaintiffs failed to adequately substantiate any portion of their claim.  Plaintiffs assert that because they presented receipts and other evidence for at least some of their property, it was against the weight of the evidence to find that Plaintiffs had not adequately substantiated any portion of their claim.

Likewise, Plaintiffs argue that because the jury found no misrepresentation on behalf of Plaintiffs, it was not permitted to consider any issue relating to whether Plaintiffs overstated their loss, misrepresented their property's value, or included scheduled jewelry which they did not own.  In consideration of the foregoing, Plaintiffs assert that the jury's verdict as to question number two was clearly based on mistake or confusion, constitutes an injustice to Plaintiffs, and

is contrary to and against the weight of the evidence. They seek a new trial solely on the issue of substantiation of Plaintiffs' claim, to remedy this injustice.

Defendant argues that although the jury did not find, by clear and convincing evidence, that Plaintiffs had knowingly misrepresented their claim, such a finding does not equate sufficient substantiation of their losses. Defendant contends that because the issues are distinct, with two different instructions and two different standards involved, Plaintiffs are incorrect in finding a link between the first and second issues presented to the jury. Defendant suggests that Plaintiffs' motion is better viewed as an untimely objection to the jury instructions and verdict sheet, both of which Plaintiffs were aware and had ample opportunity to object previous to the jury's deliberation.

## II.  DISCUSSION

Federal Rule of Civil Procedure 59(a) provides that "a new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence, or will result in a miscarriage of justice, the trial judge must set aside the evidence and grant a new trial." *Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989) (citations omitted); *see also Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors, Inc*., 99 F.3d 587, 594 (4th Cir. 1996).

If the Court finds that a new trial is warranted, it must then determine whether it is appropriate to grant the new trial on solely the second issue presented to the jury. Although a new trial may be granted on a sole issue, "the propriety of granting a new trial on fewer than all

of the issues in a case hinges on whether the issues to be retried are sufficiently 'distinct and separable' from the others that a trial of [those issues] alone may be had without injustice." *See Atlas Food,* 99 F.3d at 599 (citing *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494 (1931)). In the present case, the Court does not reach this second question because it does not find that Plaintiffs have satisfied their burden of showing that the jury's verdict on the second issue is against the clear weight of the evidence, based on false evidence, or will result in a miscarriage of justice.

**A. The Evidence Presented**

At trial, Plaintiffs presented some receipts for the items they claimed had been stolen. Some of Plaintiffs' receipts were for items purchased in the United States, and others were for items purchased abroad. For those items for which no receipts were in Plaintiffs' possession, Plaintiffs did "comparison shopping" to determine their value. Plaintiffs also presented exhibits relating to police documentation of the burglary, insurance documents, and various forms of correspondence, for the jury's review. Both Plaintiffs testified at trial. Plaintiffs also presented testimony from other sources, including the testimony of Officer I. J. Wojdon and transcripts of prior depositions of Plaintiffs.

Plaintiffs' Motion discusses the testimony of Defendant's witness, senior claims representative Robert Gionis, as support for Plaintiffs' argument that they had in fact adequately substantiated their claim. Mr. Gionis testified that actual receipts are neither required nor expected as to all items for which Allstate's insureds make claims. Mr. Gionis also testified that Allstate recommends comparison shopping when claimants have no receipts available.

Plaintiffs fail to mention other evidence presented by Defendant, which served in part to contradict and call in to question the validity of Plaintiffs' claim and the sincerity of Plaintiffs. However, even considering only the evidence presented by Plaintiffs and the testimony of Mr. Gionis, the Court does not find that the jury's finding on the second issue was against the clear weight of the evidence, based on false evidence, or would result in a miscarriage of justice.

**B. Plaintiffs' Burden**

In civil cases, Maryland law requires that Plaintiffs' case be proved by a preponderance of the evidence. *Wills v. State*, 620 A.2d 295, 296 (Md. App. 1993). Accordingly, the jury was given a lengthy instruction describing this burden of proof. An excerpt from this instruction follows:

> . . . What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.
>
> If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence--he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true--then that element will have been proved by a preponderance of evidence. . . .

Likewise, the jury was read an instruction regarding credibility. This instruction charges the jury with being the sole judges of the credibility of the witnesses and the weight their

testimony deserves.  It advises that the jury may be guided by the appearance and conduct of witnesses and the character of the testimony, among several other things.  This instruction tells the jury that it decides what weight any testimony deserves and that it may accept or reject, in whole or in part, the testimony of any witness.  This Court, believing that the jury followed the standards set forth in the foregoing instructions, finds that Plaintiffs' arguments fail in two respects.

First, Plaintiffs argue that the reason for the jury's finding that no portion of the claim was adequately substantiated was because it failed to consider each particular item of loss claimed by Plaintiffs, and chose to invalidate their claim *in toto*.  Plaintiffs' Motion focuses in detail on the receipts that Plaintiffs produced, the comparison shopping they had done, and the fact that Mr. Gionis indicated that actual receipts are neither required nor expected as to all items when an insured makes a claim.  Plaintiffs provide a list of items that they claim to be "established" by their evidence.  Some of the things Plaintiffs claim "the evidence, in relevant part, established" are that "Plaintiffs were able to produce receipts for certain items . . . Plaintiffs comparison shopped . . .[and] Plaintiffs purchased a rider for their policy . . ."

Nonetheless, Plaintiffs should recall that the jury is responsible for determining what has been "established" by the evidence.  It is not sufficient to say that Plaintiffs presented evidence and therefore the jury should have found it to be credible.  Plaintiffs fail to consider that, in the context of the above jury instructions, the jurors may have considered more than the details that Plaintiffs' Motion mentions.

As stated in the jury's instruction, the concern is not how much evidence or how many witnesses the parties produce, but the quality and persuasiveness of the evidence.  The jurors, as

the triers of fact, were individually capable of and responsible for observing witnesses and examining documents, correspondence, transcripts, and receipts.  The Court does not speculate as to why the jury reached its decision, but does not find it contradictory to the evidence presented.  The Court has no reason to believe that the jury's determination was based on a misunderstanding, rather than its having been more persuaded, or equally persuaded, by Defendant, preventing it from reaching the "more likely than not" level required by the preponderance of the evidence standard.

      Second, Plaintiffs argue that, having found no misrepresentation on behalf of Plaintiffs, it was contradictory for the jury to have found that none of Plaintiffs' evidence was credible.  This is also unpersuasive.  Each issue is distinct and decided separately.  Further, even assuming *arguendo* that the two issues were related to or dependant upon each other, they each require a distinct standard of proof, providing the possibility of seemingly contradictory result.

      Defendant was required to establish the first issue, that Plaintiffs had knowingly made a material misrepresentation, by clear and convincing evidence.  A greater burden is placed on the party required to demonstrate clear and convincing evidence.  To satisfy a clear and convincing evidence standard, the jury must be persuaded that the truth of the contention is highly probable, not merely probable.  *Spengler v. Sears, Roebuck & Co.*, 878 A.2d 628, 644 (Md. App. 2005).  In the context of the jury instruction on credibility of witnesses, the jury may have believed nothing that Plaintiffs said.  Nonetheless it may still not have believed that Defendant satisfied its burden of proving material misrepresentation by clear and convincing evidence.  Defendant's failure at establishing material misrepresentation under this higher burden does not impact the jury's verdict with respect to the second issue.

The second issue specifically deals with the jury's belief of the evidence and to what degree the jury was persuaded of Plaintiffs' claim, irrespective of the degree to which they believed Defendant's defense of misrepresentation. The jury may have denied Plaintiffs' claim due to the incredibility of witnesses or evidence, as previously suggested. Finding insufficient support for Defendant's argument at step one simply does not correlate to Plaintiffs' satisfaction of their burden at step two. Because the Court is not persuaded that the jury's verdict as to the second issue was against the clear weight of the evidence, based on false evidence, or will result in a miscarriage of justice, the Court will not grant a new trial.

### III.  CONCLUSION.

For the forgoing reasons, Plaintiffs' Motion is DENIED.

/s/
Charles B. Day
United States Magistrate Judge
January 24, 2007

CBD:acg